UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.H. by and through his Guardian Ad Litem ALEJANDRO HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>SUTTER DAVIS HOSPITAL; BETHELEN JOHNSON, M.D.; UNITED STATES, and DOES 1 through 100, inclusive,<br><br>Defendants. | No.  2:15-cv-00813-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Presently before the Court is Defendant United States' Motion to Dismiss the Complaint for lack of subject matter jurisdiction.  ECF No. 4.  For the reasons discussed below, the Motion is GRANTED.[1]

///
///
///
///
///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  See E.D. Cal. Local R. 230(g).

1

## BACKGROUND

Plaintiff G.H. ("Plaintiff") was born on April 27, 2013 at Sutter Davis Hospital. Dr. Bethelen Johnson and Christi Stone, C.N.M. assisted with Plaintiff's delivery. Compl., ECF No. 1-1, ¶ 7. Plaintiff remained in the hospital until May 1, 2013. Id. ¶ 8. Plaintiff received follow-up care from Dr. Betsy Meux and Nidia Ochoa, P.A. on May 2 and again on May 6, 2013 at Davis Community Clinic. Id. ¶¶ 9-10. From May 2 to May 5, 2013, Plaintiff was readmitted to Sutter Davis Hospital and treated by Dr. Janice Kim.[2] Id. On May 7, 2013, Plaintiff was once again readmitted to Sutter Davis Hospital, this time with recognized seizure activity and a diagnosis of intracerebral hemorrhage. Id. ¶ 11.

Plaintiff, through his Guardian Ad Litem, brought the present action in Yolo County Superior Court on January 29, 2014. Plaintiff's Complaint alleges medical malpractice against Sutter Davis Hospital, Davis Community Clinic, and the various medical staff involved in his birth and follow-up care. Pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), Davis Community Clinic is a supported health center and, thus, its employees are deemed federal employees for the purpose of liability protection under the Federal Tort Claims Act ("FTCA"). ECF No. 1-3; 42 U.S.C. § 233(g)-(n). Defense counsel notified Plaintiff on or about March 18, 2014, that defense of the Clinic and its employees had been tendered to the United States government.

On July 17, 2014, Plaintiff filed an administrative claim with the United States Department of Health and Human Services. The administrative claim was denied in March 2015.[3] On April 15, 2015, the United States substituted in for Davis Community Clinic and its employees and removed the action to this Court. On April 22, 2015,

---

[2] The Attorney General later determined that Dr. Kim was in fact an employee of Davis Community Hospital. See ECF No. 1-3.

[3] Plaintiff states that the claim has yet to be decided, but the United States has submitted evidence showing the claim was indeed denied via a letter dated March 19, 2015. See Reply, ECF No. 11-1, at 4.

Defendant filed the instant Motion to Dismiss on the grounds that this Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies as required by the FTCA.

## STANDARD

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Id. However, in the case of a facial attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornill, 594 F.2d at 733 (internal citation omitted). The party opposing the motion has the burden of proving that subject matter jurisdiction does exist and must present any necessary evidence to satisfy this burden. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist. Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)). Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733. If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

///

///

///

**ANALYSIS**

The government contends that Plaintiff's claims against the United States should be dismissed for lack of subject matter jurisdiction because Plaintiff filed his Complaint before exhausting his administrative remedies under the FTCA.

Under the FSHCAA, "[u]pon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action . . . shall be [removed] and deemed a tort action brought against the United States . . . ." 42 U.S.C. § 233(c). Here, the Attorney General certified that Defendants Betsy Meux, M.D., Nidia Ochoa, P.A., Janice Kim, M.D., and Christi Stone, C.N.M., were at all relevant times employees of Davis Community Clinic, a deemed and supported health center and grantee of the United States Department of Health & Human Services. ECF No 1–3. Accordingly, the instant action is a tort action brought against the United States, along with Sutter Davis Hospital and Dr. Johnson. As a result, the FTCA is the exclusive remedy available to Plaintiff for his claims against the United States. 28 U.S.C. § 2679(b)(1).

The FTCA requires "that before [a party] can file an action against the United States in district court, [it] must seek an administrative resolution of [its] claim." Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992). Administrative resolution is satisfied when the claim is officially denied or has been pending for six months with the agency. 28 U.S.C. § 2675(a). The Ninth Circuit "[has] repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted strictly." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006).

Here, Plaintiff filed his lawsuit on January 29, 2014, but did not submit his administrative claim to the United States Department of Health and Human Services until July 17, 2014. The United States argues that under McNeil v. United States, 508 U.S. 106 (1993), this action must be dismissed. In McNeil, the Supreme Court affirmed dismissal of a FTCA lawsuit filed by a pro se inmate prior to the exhaustion of his

1   administrative remedies.  Some circuit courts had previously held that a plaintiff did not
2   need to meet the exhaustion requirements prior to filing if "no substantial progress" had
3   been made in the case when exhaustion occurred.  The Supreme Court disagreed,
4   finding that it was clear "Congress intended to require complete exhaustion of Executive
5   remedies before invocation of the judicial process."  Id. at 112.

6        Plaintiff counters that unlike the situation in McNeil, this case did not originally
7   contain an FTCA claim; rather, the action was based only on state malpractice law.
8   Further, Plaintiffs note that by the time the United States substituted into the action on
9   April 15, 2015, it had been more than six months since the administrative claim was
10  filed, thus satisfying the exhaustion requirements.  Plaintiff cites to two cases in support
11  of his argument, but neither compels the Court to deny the pending Motion.

12       In Valadez-Lopez v. Chertoff, 656 F.3d 851 (9th Cir. 2011), an immigration
13  detainee filed suit against federal and local officials and simultaneously filed an
14  administrative claim.  Six months later, Valadez-Lopez amended his complaint to add a
15  claim against the United States under the FTCA.  The Ninth Circuit found that Valadez-
16  Lopez had properly exhausted his administrative remedies under the FTCA because his
17  "original complaint neither named the United States as a defendant nor stated a claim
18  under the Act.  He only amended his complaint to name the United States and include
19  an FTCA cause of action after the government had failed to respond to his administrative
20  claims within six months."  Id. at 855.

21       In Walters v. Mercy Hospital Grayling, No. 13-cv-13282, 2013 WL 5775367 (E.D.
22  Mich. Oct. 25, 2013), the district court relied on the Valadez-Lopez decision to decide a
23  case similar to the case now before the Court.  There, the plaintiff filed an administrative
24  law claim with the Department of Health and Human Services but did not wait the
25  requisite time before filing a state law action against a Federally Qualified Health Center
26  and its physicians.  However, one month prior to the substitution by the United States
27  and the addition of a FTCA claim by plaintiff, plaintiff's administrative claim was denied,
28  thereby exhausting the administrative remedies.  The district court held that this

sequence of events satisfied McNeil because the original complaint did not name the United States or include an FTCA claim.  Additionally, the district court held that dismissing the case only to have the plaintiff refile "would undermine the objectives of the exhaustion requirement recognized in McNeil:  saving judicial resources and promoting settlement."  Id. at *3 (quoting Valadez-Lopez, 656 F.3d at 857).

What distinguishes this case from the binding precedent in Valadez-Lopez, is that Plaintiff is not seeking to add an FTCA claim by amendment.  Rather, this case was deemed an FTCA action once the Attorney General certified that the Davis Community Clinic Defendants were acting within the scope of their employment during all relevant times.  See J.H. ex rel. Gallegos v. Cnty. of Kern, No. 1:13-CV-00500-LJO, 2014 WL 1116985, at *3 (E.D. Cal. Mar. 19, 2014) ("Although plaintiffs do not explicitly state a FTCA claim against the United States; pursuant to the FSHCAA, their claims against Dr. Garcia are 'deemed a tort action brought against the United States.'") (quoting 42 U.S.C. § 233(c)).  It was only Plaintiff's lack of due diligence in researching the Davis Community Clinic Defendants that caused this case to be brought under state law claims and not the FTCA.

The Court is tempted to follow the reasoning in Walters and extend the leniency displayed by the Ninth Circuit in Valadez-Lopez to the current case.[4]  Certainly there is little to be gained from dismissing the United States only to have Plaintiff quickly amend the Complaint to add the United States under the precedent set in Valadez-Lopez.  But ultimately, in its attempt to avoid a perceived inequitable result, the court in Walters draws too fine of a distinction with McNeil.  In McNeil, the Supreme Court made clear that the "FTCA bars claimants from bringing suit . . . until they have exhausted their administrative remedies."  508 U.S. at 113.  The Supreme Court even acknowledged that such strict adherence to the statutory language would often lead to inequitable

---

[4] The holding in Walters is not binding on this Court.  See Camreta v. Greene, 131 S. Ct. 2020, 2033 n.7 ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

7

results, but held that "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of even-handed administration of the law." Id. at 113.  Thus, while the Court is sympathetic to Plaintiff's predicament, Courts may not "proceed in the absence of fulfillment of the conditions merely because dismissal would visit a harsh result upon the plaintiff." Vacek, 447 F.3d at 1250.  Accordingly, the United States is dismissed from this action without prejudice. See Frigard v. United States, 862 F.2d 201, 204 (9th Cir.1988) (per curiam) ("a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court").

With respect to the state-law negligence claims that are alleged against Defendants Sutter Davis Hospital and Dr. Johnson, this Court does not appear to have original jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship is lacking.  The Plaintiff is a California resident and the two Defendants are a California hospital with its principal place of business in Yolo County and a California resident, respectively.  Compl., ECF No. 1-1, ¶¶ 1-2.  Additionally, the remaining claims against these Defendants are based on state malpractice law. See Compl. (alleging two causes of action: one for medical negligence and one under Elam v. College Park Hospital, 132 Cal. App. 3d 332 (1982)).[5]  Therefore, the Court must remand this case to Yolo County Superior Court.

///
///
///
///
///
///

---

[5] To the extent the Court has supplemental jurisdiction over these additional state-law claims pursuant to 28 U.S.C. § 1367(a), exercise of such jurisdiction is declined. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").

**CONCLUSION**

For the foregoing reasons, Defendant United States' Motion to Dismiss (ECF No. 4) is GRANTED. The United States is DISMISSED from this action without prejudice. The case is REMANDED to Yolo County Superior Court. The Clerk of the Court is directed to close this case.

IT S SO ORDERED.

Dated: July 1, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT